IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **EDWIN PEREZ,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | Civil No. **02-1138-DRH** |
| ) | |
| **BONNIE SULLIVAN, et al.,** ) | |
| ) | |
| Defendants. ) | |

## ORDER

**PROUD, Magistrate Judge:**

Before the Court is plaintiff's motion to compel defendants Sanford and Potocki to provide "complete and adequate responses" to plaintiff's interrogatories and request for production. **(Doc. 43).** Plaintiff also requests an award of $46.60 in costs associated with filing the subject motion. **(Doc. 43, p. 3).** Plaintiff has also submitted a brief and numerous exhibits in support of his motion. **(Doc. 44).** Defendants Sanford and Potocki have field a response, generally standing by objections asserted to plaintiff's discovery request. **(Doc. 45).** Plaintiff's reply indicates he has nothing else to add to his argument. **(Doc. 46).**

The Court will address each disputed discovery request in turn, keeping in mind that the only issues remaining in this case are whether Sanford and Potocki retaliated against plaintiff for filing a grievance by verbally harassing him and filing two false disciplinary reports against him. **(Docs. 15 and 18).** More specifically, plaintiff alleges that the two disciplinary tickets issued by defendant Potocki were in retaliation for a grievance plaintiff had lodged regarding alleged unsanitary food handling by Potocki. The first ticket stemmed from an incident where plaintiff purportedly refused to leave the shower and return to his cell as ordered by Potocki. Defendant

1

Sanford was a corroborating witness to the events. Plaintiff was found "guilty" of disobeying an order and being insolent. The second ticket issued by Potocki was for possession of contraband– ink pen barrels found secreted in the air vent of plaintiff's cell. Plaintiff was found "guilty" of possessing contraband.

"To prove such a retaliation claim, the inmate must show that his own activity was constitutionally protected, and that his conduct was a factor motivating the prison officials challenged actions. *See Babcock v. White,* 102 F.3d 267, 275 (7th Cir.1996)." **Irby v. Siedschlag, No. 05-2985, 2005 WL 3479210, \*2 (7th Cir. Dec. 20, 2005).** That means plaintiff must establish that his filing a grievance was a constitutionally protected act, *not* that the disciplinary tickets were in violation of the Constitution or otherwise invalid. **See generally Hoskins v. Lenear, 395 F.3d 372, 375 (7th Cir. 2005).** The Court appreciates the value of proving that the disciplinary charges lodged against plaintiff were baseless or flawed in some way, although *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Okoro v. Callaghan*, 324 F.3d 488 (7th Cir. 2003), prohibit using a Section 1983 civil rights action to collaterally attack an administrative adjudication that forms a basis for the inmates continued confinement[1], and *may* pose a legal impediment to such a collateral attack.

**First Set of Interrogatories Directed to Sanford**

---

[1] The parties have not addressed the applicability of *Heck* and *Okoro*, but the record indicates that plaintiff's punishment included one month in segregation and a three month demotion to C-grade.

**Nos. 12 and 13**

Interrogatory No. 12 seeks information regarding any complaints lodged against Sanford, including but not limited to institutional conduct or disciplinary files at Tamms Correctional Center or any other facility, grievances, lawsuits and responses to such documents. Interrogatory No. 13 seeks specific identification of documents responsive to Interrogatory No. 12. Sanford objects that the information sought is irrelevant and seeks confidential information. However, Sanford responds that he has not been disciplined for inmate-related incidents.

Federal Rule of Evidence 404(b) does not permit the introduction of evidence of other crimes, wrongs or acts in order to show conformity therewith. However, such evidence may be used for other purposes, such as to show motive, plan or lack of mistake. Plaintiff indicates that he believes such evidence will lead to the discovery of witnesses, and will show a pattern of behavior. The Court cannot fathom how witnesses regarding other similar incidents can fit into one of the Rule 404(b) exceptions. As written, this discovery request is overly broad and beyond the scope of relevance in this case. Therefore, defendant's objection based on relevancy is sustained.

**First Request for Production Directed to Sanford**

**Nos. 14 and 15**

Requests 14 and 15 seeks Sanford's complete disciplinary history, and documentation of any and all complaints lodged against Sanford, including but not limited to institutional conduct or disciplinary files at Tamms Correctional Center or any other facility, grievances, lawsuits and responses to such documents, including all documentation prepared by the Attorney General's Office or private counsel. Sanford objects based on relevance, confidentiality and attorney-

client privilege. For the reasons set forth above regarding Interrogatories 12 and 13, defendant Sanford's objections to relevance are sustained. In addition, as drafted, these requests would improperly intrude on the attorney-client privilege.

### Second Set of Interrogatories Directed to Sanford

**No. 3**

Interrogatory 3 seeks a description, in as much detail as possible, of the security protocol and restraint and removal procedures at Tamms for situations where inmates refuse to come off of the yard or out of the shower. Defendant objects to the relevance of the information, and asserts security concerns. Plaintiff explains that this information is sought in relation to the disciplinary reports issued by the defendants.

The primary question presented in this case is whether the defendants issued the disciplinary tickets in retaliation for plaintiff filing a grievance. Whether the *defendants* followed procedures is too remotely related to the tickets issued to plaintiff, which were based on what rules plaintiff purportedly violated (which would properly be the subject of a more narrowly drafted discovery request). In any event, plaintiff's request is beyond the scope of relevance. Therefore, defendant's objection based on relevance is sustained.

**No. 6**

Interrogatory No. 6 asks why established restraint procedures were not used after plaintiff allegedly refused several direct orders. Sanford objects that this interrogatory is argumentative and assumes facts. Whether the *defendant* followed established restraint procedures is not at issue. Furthermore, defendant's objection is well taken, in that it is worded more akin to a request for admission. Therefore, defendant's objection is sustained.

**First Set of Interrogatories Directed to Potocki**

**Nos. 10 and 11**

Interrogatories 10 and 11 directed to defendant Potocki are virtually identical to Interrogatories 12 and 13 directed to defendant Sanford.  For the same reasons set forth above, defendant Potocki's objection based on relevance is sustained.

**No. 15**

Interrogatory 15 seeks a description of the medical emergency protocol to be followed at Tamms in the event of an emergency situation.  Defendant objects to the relevance of this request.  Plaintiff explains that this information is relevant to showing that procedures were not followed when plaintiff's finger became caught in the shower door, and establishing that plaintiff was never helped and the incident was never reported.  Given that plaintiff's Eighth Amendment claims regarding the "finger incident" have been dismissed, the Court cannot fathom the relevance of the retaliation issue.   Therefore, defendant's objection is sustained.

**No. 17**

Interrogatory 17 directed to defendant Potocki is very similar to Interrogatory No. 6 directed to defendant Sanford, which is addressed above.  For the same reasons, defendant Potocki's objection is sustained.  Whether the *defendant* followed established restraint procedures is not at issue in this case.

**No. 21**

Interrogatory 21 seeks a description of the step-by-step procedures that must be taken before shaking down an inmate's cell.  Defendant Potocki objects to the relevance of the request, and asserts security concerns.  Again, whether the defendants followed proper procedures is not

at issue and is too far afield to plaintiff's retaliation claim. Defendant's objection based on relevance is sustained.

**No. 22**

Interrogatory 22 asks whether defendant Potocki has ever, even just once, violated or disregarded prison standards, rules, regulations, policies or guidelines regarding the control or management of inmates; if so, details are requested. Defendant objects based on relevance, and contends the interrogatory is argumentative and based on assumed facts. Plaintiff explains he is seeking evidence of habit or routine. Federal Rule of Evidence 404(b) does not permit the introduction of evidence of other crimes, wrongs or acts in order to show conformity therewith. Therefore, defendant's objection based on relevance is sustained.

### First Request for Production Directed to Potocki

**No. 1**

Request No. 1 seeks all documents that contain, mention, construe or refer to policies, rules or protocols for staff conduct. Defendant objected based on relevance, but otherwise directed plaintiff to 730 ILCS 5/3-2-2 and 20 IL-ADC 120.10 et seq. Request No. 1 is drafted so broadly that is reaches far beyond the scope of relevance. Defendant's objection is therefore sustained.

**No. 3**

Request No. 3 seeks all documentation relating to ink pen exchange and limit policies. Defendant objects to the relevance of the request. Plaintiff explains that he is aiming at the disciplinary report issued for possession of ink pens in his air vent. Although the Court has

concerns based on *Heck* and *Okoro*, the specifics of whatever ink pen rule, policy of regulation plaintiff purportedly violated are relevant.  Therefore, defendant's objection is overruled and plaintiff's motion to compel granted in that defendant shall produce a copy of whatever ink pen rule, policy of regulation plaintiff purportedly violated.  Whether that evidence is ultimately admissible at trial remains to be seen.

**Nos. 4 and 5**

Request No. 4 seeks documentation regarding shakedown policies, and Request 5 seeks documentation of shakedowns of plaintiff from July 2, 1999, to the present.  Defendant objects to the relevance of the requests; he asserts security concerns; and defendant objects to the time frame.  Again, whether policies or procedures were followed by the *defendants* is not relevant to the remaining retaliation claim.  Defendant's objection is sustained because the request reaches beyond the scope of relevance and the time frame is far too broad.

**No. 8**

Request No. 8 seeks all documentation of complaints made by plaintiff on August 12 and 15, 2002, relating to complaints of threats and harassment by defendant Potocki, and documentation of subsequent discipline.  Defendant refers plaintiff to documents #000027-000040.  Plaintiff elaborates that a letter dated August 15, 2002, is not included in the documents turned over, nor is documentation of subsequent investigation.  Defendant has an ongoing obligation to supplement his discovery responses, and the Court encourages him to search again for the documents plaintiff contends are missing.  However, the Court has no reason to believe defendant has not turned over all documents in his possession or control, particularly since the defendant is sued in his individual capacity and the documents sought were allegedly in the

possession of the Internal Affairs Department.  Therefore, plaintiff's request to compel is denied with respect to this request.

**No. 10**

Request No. 10 seeks documentation regarding any investigation of or complaint against defendant Potocki.  Defendant objects that the request seeks confidential information not available to defendant.  Potocki otherwise indicates that he has never been disciplined for any inmate-related incidents.  Again, this request is irrelevant to the retaliation claim in this case.  *See* **Fed.R.Evid. 404(b).**  Plaintiff's motion to compel is denied with respect to this request.

### Second Request for Production Directed to Potocki

**No. 1**

Request No. 1 seeks a copy of Administrative Directive 05.01.173.  Defendant objects based on relevance and security concerns regarding the dissemination of information about the use of force.  Defendant's objection to the relevancy of the request is well taken.  Again, plaintiff appears to be aiming at proving what directive the *defendants* violated, rather than aiming at the charges lodged against him and evidence of retaliatory motive.

**No. 2**

Request No. 2 seeks Administrative Directive 03.01.307, regarding ink pen exchange.  If Administrative Directive 03.01.307 formed the basis for one of the disciplinary charges against plaintiff, then it must be produced.  (*See* above ruling regarding Request for Production No. 3, in plaintiff's first set of requests for production directed to Potocki.)

**IT IS THEREFORE ORDERED** that, as detailed above,  plaintiff's motion to compel

**(Doc. 43)** is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that on or before **January 16, 2006**, defendant Potocki shall produce a copy of whatever ink pen rule, policy of regulation plaintiff purportedly violated in response to Interrogatory No. 3 of the first request for production directed to Potocki.

**IT IS FURTHER ORDERED** that plaintiff's request for an award of costs is denied. Plaintiff, who is proceeding pro se, has not established any basis for his request for $46.60.

**IT IS SO ORDERED.**

**DATED:  December 30, 2005**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**
