IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **EDWIN PEREZ,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) Civil No. **02-1138-DRH** |
| | ) |
| **BONNIE SULLIVAN, et al.,** | ) |
| | ) |
| Defendants. | ) |

### REPORT AND RECOMMENDATION

This Report and Recommendation regarding defendants Troy Potocki and Steve Sanford's motion for summary judgment **(Doc. 50)** is respectfully submitted to United States District Judge David R. Herndon in accordance with 28 U.S.C. §§ 636(b)(1)(B) and (C).

At this juncture only Troy Potocki and Steve Sanford remain as defendants in this civil rights action brought by plaintiff Edwin Perez pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate at Tamms Correctional Center, alleges that Correctional Officers Potocki and Sanders retaliated against him for filing a grievance against Potocki. According to plaintiff, on August 6, 2002, he lodged an institutional grievance about Potocki's allegedly improper food handling. Plaintiff was subsequently issued a disciplinary ticket on August 12, 2002, for insolence, disobeying an order and improper movement– all related to an incident where Potocki ordered plaintiff to exit the shower. Potocki issued the August 12 disciplinary ticket, and Sanford signed as a witness to the incident. Plaintiff also alleges that Potocki and Sanders verbally harassed him on August 12th. Plaintiff received a second disciplinary ticket from Potocki on August 15, 2002, for possession of contraband (empty pen tubes). Sanford had no involvement in the second incident. **(*See* Doc. 2).**

**Issues Presented**

Defendants Potocki and Sanford argue that they are entitled to summary judgement for the following reasons:

1. Plaintiff's August 6, 2002, grievance is not a constitutionally protected act;

2. There is a lack of evidence of retaliatory motive;

3. There were legitimate penological interests for issuance of the disciplinary tickets;

4. Defendants are entitled to qualified immunity; and

5. Plaintiff is not entitled to damages for mental or emotional injury because no physical injury has been alleged.

**(Docs. 50 and 51).**

From plaintiff's perspective, material questions of fact remain that preclude summary judgment, and evidence calls the defendants' veracity into question.  Plaintiff contends the disciplinary tickets were a pretext for retaliation and were based on false testimony.  Plaintiff also disputes the defendants' legal conclusions.  **(Doc. 54).**

**Legal Standard for Summary Judgment**

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **Fed.R.Civ.P. 56(c);** *see Celotex Corp. v. Catrett***, 477 U.S. 317, 322 (1986).**  The purpose of Rule 56 is to enable a party who believes there is no genuine dispute as to a specific fact essential to the other side's case to demand at least one sworn averment of that fact before the lengthy process of litigation continues." ***Lujan***

*v. National Wildlife Federation*, 497 U.S. 871, 888-889 (1990) (internal citations omitted). Of course, the evidence is construed in the light most favorable to the non-moving party and all justifiable inferences are drawn in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

## Analysis

In order to state a claim for retaliation in violation of the First Amendment, a plaintiff must: (1) "specif[y] a retaliatory action"; (2) name the appropriate defendants; and (3) "assert[ ] a constitutionally protected activity, the exercise of which caused the . . . retaliatory action." *Hoskins v. Lenear,* 395 F.3d 372, 375 (7th Cir. 2005).

> An act taken in retaliation for the exercise of a constitutionally protected right violates the Constitution. Prisoners have a constitutional right of access to the courts that, by necessity, includes the right to pursue the administrative remedies that must be exhausted before a prisoner can seek relief in court. Thus, a prison official may not retaliate against a prisoner because that prisoner filed a grievance. This is so even if the adverse action does not independently violate the Constitution.

*DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000) (internal citations omitted).

**1. Plaintiff's August 6, 2002, grievance**

Plaintiff premises his retaliation claim on an August 6, 2002, grievance lodged against defendant Potocki for improper food handling– passing out food with an ink-stained glove. Potocki denied the incident, and due to the inability to substantiate plaintiff's claim, the grievance was denied. Citing *Lewis v. Casey*, 518 U.S. 343, 353 (1996), and *Babcock v. White*, 102 F.3d 267, 276 (7th Cir. 1996), defendants assert that First Amendment protection is only afforded to the filing of *nonfrivolous* legal claims and grievances. From this Court's perspective, defendants have misconstrued and misapplied those cases. More to the point, the fact that

3

plaintiff's grievance was denied does not necessarily mean that it was frivolous and, in this situation it does not appear to have been frivolous.  In any event, health concerns are certainly protected by the Eighth Amendment.

In addition, defendants offer no basis for their assertion that only grievances about constitutionally protected matters can form the basis for a retaliation claim.  Defendants do not appear to appreciate the subtle distinction between the "speech" and "petition" clauses in the First Amendment.  *See McElroy v. Lopac*, **403 F.3d 855, 858-859 (7th Cir. 2005) (distinguishing speech regarding issues of "public concern" and the specific constitutional protection relating to the filing of grievances).**  It is the act of filing the August 6, 2002, grievance that constitutes the protected activity in this situation.  To put it more simply, nonfrivolous legal activities are considered matters of "public concern," and no further showing is required.

### 2. Lack of Evidence of Retaliatory Motive

Timing alone, absent other evidence, cannot sustain a retaliation claim; more than conjecture is required.  *See Pugh v, City of Attica*, **259 F.3d 619, 630 (7th Cir. 2001); and** *Stagman v. Ryan*, **176 F.3d 986, 995 (7th Cir. 1999).**  Defendants correctly observe that plaintiff must prove that his protected activity was a "motivating factor" in the defendants' retaliatory activity.  *See Hasan v. United States Department of Labor*, **400 F.3d 1001, 1005 (7th Cir. 2005) (expounding on** *Mt. Healthy City School District Board of Education v. Doyle*, **429 U.S. 274, 287 (1977).**  However, a closer reading of *Hasan*, and more thorough review of the evidence reveals that plaintiff's case does rest on more than just an inference of retaliatory motive drawn from the chronology of events.

According to *Hasan*, which merits quoting at length:

[A] plaintiff who complains that he was retaliated against for exercising his right of free speech need not prove that, had it not been for that exercise, the adverse . . . action that he is charging as retaliation would not have occurred. All he need prove is that his speech was a "motivating factor" in the . . . decision to take the adverse action.

*Hasan*, 400 F.3d at 1005 (applying the same standard used in the employment context to the prison context).

A motivating factor is a factor that weighs in the defendant's decision to take the action complained of-in other words, it is a consideration present to his mind that favors, that pushes him toward, the action. It is a, not necessarily the, reason that he takes the action. Its precise weight in his decision is not important.

We can distinguish three cases: (1) The improper reason, such as the plaintiff's having exercised his right of free speech, weighed so heavily in the defendant's mind that he would have punished the plaintiff even if there was no legitimate reason to do so. (2) The improper reason may have tipped the balance: the defendant had a legitimate reason to punish the plaintiff, but it was too weak a one to have triggered the action; it was the additional, improper reason that made the difference. (3) The improper reason may have been present to the defendant's mind as something favoring the action he took, but have weighed so lightly in comparison with other factors that it exerted no influence at all on his decision.

In any of these cases, once having demonstrated the presence of an improper motive the plaintiff will have made out his prima facie case of causation; that is *Mt. Healthy*. In the second case, the defendant has no rebuttal: the plaintiff has proved that had it not been for the improper motive, the defendant would not have taken the action against the plaintiff. In the third case, the defendant has a good rebuttal: he would for sure have acted even if he had not had the improper motive. In the first case, the defendant *may* have a good rebuttal, for he may be able to show that he had a legitimate reason for the action that was so compelling that it would have caused him to take the same action even if he had not harbored the improper motive. If he can prove this, he is not liable despite his impure heart.

*Hasan*, 400 F.3d at 1006 (internal citations omitted).

With respect to the August 12, 2002, disciplinary ticket stemming from the shower incident, plaintiff cites the suspicious chronology of events: plaintiff files a grievance regarding

5

Potocki on August 6th and receives a disciplinary ticket from Potocki on August 12th, witnessed by Sanford.  There appears to be no dispute that defendant Potocki was aware of the grievance prior to August 12th.  Plaintiff has also testified that on the morning of August 12th Potocki told him, "You're going to learn to mind your own fucking business."  **(Doc. 51, Exhibit 1, p. 15).**  However, with respect to defendant Sanford, Sanford asserts in his affidavit that he was unaware of the grievance before the August 12th incident.  **(Doc. 51, Exhibit 3).**  But, according to plaintiff's affidavit, Sanford indicated to plaintiff on August 12th that he was aware of the grievance; and plaintiff's deposition testimony indicates Sanford explained to plaintiff on August 12th just before the shower incident, "You shouldn't be writing bullshit grievances."  **(Doc. 54, Exhibit 2; Doc. 51, Exhibit 1, p. 35).**  Thus, there is more than just a chronology of events and conjecture to support plaintiff's prima facie case.  The jury will have to make the credibility determinations and weight the evidence that will make or break plaintiff's case, but at this juncture, plaintiff has satisfied his burden.

The timing of the August 15th disciplinary ticket issued by Potocki for possession of contraband is similarly alleged to be based on the August 6th grievance and August 12th threat by Potocki, "You're going to learn to mind your own fucking business."  Plaintiff does not link Sanford to the August 15th ticket.  **(Doc. 51, Exhibit 1, pp. 37-38).**

### 3.  Legitimate Penological Justification for the Tickets

The defendants stress that they had no role in the ultimate decision that plaintiff had violated prison rules and would be disciplined, that was the Adjustment Committee's prerogative.  In other words, the situation at bar is akin to the third scenario discussed in *Hasan*. "The improper reason may have been present to the defendant's mind as something favoring the

action he took, but have weighed so lightly in comparison with other factors that it exerted no influence at all on his decision," to which "the defendant has a good rebuttal: he would for sure have acted even if he had not had the improper motive." ***Hasan*, 400 F.3d at 1006.**

There appears to be a strong evidentiary basis for defendants' argument, but one key issue is unclear– to what extent did the grievance weigh in the defendants' minds? The affidavits of Potocki and Sanford leave material questions of fact on this point. **(*See* Doc. 51, Exhibits 3 and 4).** As discussed above, plaintiff has cast doubt on Sanford's affidavit stating that he, Sanford, was unaware of the grievance prior to the August 12th shower incident. Thus, one cannot assume that the grievance played no role in Sanford's corroboration of the ticket written by Potocki. Potocki's affidavit states that the "reason" for the issuance of the tickets was the violation of institutional rules. This does not specifically address how much his awareness of the grievance weighed in his decision to issue the tickets. Potocki's threat, "You're going to learn to mind your own fucking business," and Sanford's admonition, "You shouldn't be writing bullshit grievances," create material questions of fact and credibility determinations that preclude summary judgment.

### 4. Qualified Immunity

Qualified immunity applies to government officials performing discretionary functions, shielding officials from liability for civil damages if their conduct does not violate clearly established statutory or constitutional rights. ***Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).** As in issues 1 and 3 analyzed above, plaintiff's grievance is not protected under the First Amendment, and there was a legitimate penological basis for issuing the two disciplinary tickets. For the reasons set forth above, at this juncture those arguments fail; therefore, they cannot form

the basis for finding qualified immunity.

### 5.  Damages for Mental or Emotional Injury

"No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  **42 U.S.C. § 1997e(e).**  Keeping in mind that the only claim that remains relates to the issuance of two disciplinary tickets and some vague allegation of verbal harassment, it does not appear that plaintiff has alleged any specific mental or emotional injuries.  The injury to plaintiff's finger is separate and distinct from the alleged retaliatory issuance of the disciplinary tickets.  Therefore, defendant's motion is well taken in this respect; any conceivable claim for mental or emotional damages fails under 42 U.S.C. § 1997e(e).

### Recommendation

For the aforestated reasons, it is the recommendation of this Court that defendants Potocki and Sanford's motion for summary judgment **(Doc. 50)** be **GRANTED IN PART AND DENIED IN PART**.  In accordance with 42 U.S.C. § 1997e(e), defendants are entitled to summary judgment on any conceivable claim for mental or emotional damages plaintiff may be asserting in relation to his retaliation claim.  Defendants' motion should be denied in all other respects and the retaliation claim should proceed to trial.

**Submitted: January 9, 2006**          s/ Clifford J. Proud
                                        **CLIFFORD J. PROUD**
                                        **U. S. MAGISTRATE JUDGE**

### Notice of Response Deadline

In accordance with 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 6(e), the parties shall file any objections to this report and recommendation on or before **January 27, 2006**.